UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-22575-cv-BLOOM/Elfenbein

ABDELKADER BENSOUNA,

    Plaintiff,
v.

E11EVEN MIAMI, INC.

    Defendant.
_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of *pro se* Plaintiff Abdelkader Bensouna's Complaint, ECF No. [1]. Upon review, the Court concludes the Complaint must be dismissed for lack of subject-matter jurisdiction.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331; *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citations omitted); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Plaintiff asserts the following claims against Defendant E11Even Miami, Inc. based on an altercation that took place on Defendant's premises: (1) assault; (2) false imprisonment; (3) violating Plaintiff's constitutional "right to be free from unreasonable seizures and false imprisonment"; (4) intentional infliction of emotional distress; and (5) negligence. *See* ECF No. [1] ¶¶ 12-16. The Complaint asserts this Court has federal question jurisdiction over Plaintiff's claims because "this case involves federal questions under 42 U.S.C. § 1983 and substantial civil rights violations." *Id.* ¶ 2.

Despite Plaintiff's assertion, this Court cannot exercise federal question jurisdiction over Plaintiff's claims. As noted, 28 U.S.C. § 1331 confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff alleges a § 1983 claim against Defendant for subjecting him to an unlawful search and seizure in violation of the Fourth Amendment to the U.S. Constitution. *See* ECF No. [1] ¶ 14. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured

under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("A § 1983 suit challenges the constitutionality of the actions of state officials[.]"). However, Plaintiff asserts this claim against Defendant, a private Florida corporation. Defendant is therefore not a state actor, and consequently did not act under the color of state law when it allegedly infringed upon Plaintiff's constitutional rights.[1] Plaintiff's § 1983 claim accordingly fails as a matter of law and does not confer federal question jurisdiction over Plaintiff's claims.

Plaintiff's remaining claims—assault, false imprisonment, intentional infliction of emotional distress, and negligence—are tort claims governed by Florida law. However, Plaintiff alleges the Parties are both citizens of the State of Florida. *See* ECF No. [1] ¶¶ 4-5. This Court accordingly lacks diversity jurisdiction over Plaintiff's claims because the Parties are not diverse. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … *citizens of different States*[.]") (emphasis added)).

The Court consequently lacks either federal question or diversity jurisdiction over Plaintiff's claims.[2] The Complaint therefore must be dismissed without prejudice for lack of subject-matter jurisdiction. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*,

---

[1] Plaintiff's allegations that Defendant acted "under color of state law" by orchestrating "Plaintiff's arrest and detention", ECF No. [1] ¶¶ 10, 14, do not disturb this conclusion. Even if Defendant infringed upon Plaintiff's constitutional rights, its status as a private entity precludes finding it acted under color of state law when it did so.

[2] The Court accordingly cannot exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. This provision permits federal courts to exercise supplemental jurisdiction over state-law claims "in any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a); *see Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (supplemental jurisdiction "permits 'federal courts to decide certain state-law claims involved

Case No. 24-22575-cv-BLOOM/Elfenbein

524 F.3d 1229, 1232 (11th Cir. 2008) ("[A] jurisdictional dismissal is entered without prejudice.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.

2. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 17, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Abdelkader Bensouna
1717 N. Bayshore Drive, Apt. 2651
Miami, FL 33132
Abensouna@yahoo.com
PRO SE

---

in cases raising federal questions' when doing so would promote judicial economy and procedural convenience.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-49 (1988)).