UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-22575-cv-BLOOM/Elfenbein

ABDELKADER BENSOUNA,

    Plaintiff,

v.

E11EVEN MIAMI, INC.

    Defendant.

_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Abdelkader Bensouna's Motion for Reconsideration ("Motion"), ECF No. [9]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.  BACKGROUND**

On July 8, 2024, Plaintiff filed a Complaint alleging the following claims against Defendant E11Even Miami, Inc., based on an altercation that took place on Defendant's premises: (1) assault; (2) false imprisonment; (3) violating Plaintiff's constitutional "right to be free from unreasonable seizures and false imprisonment;" (4) intentional infliction of emotional distress; and (5) negligence. *See* ECF No. [1] ¶¶ 12-16. The Complaint asserted that this Court possessed jurisdiction over Plaintiff's claims because "this case involves federal questions under 42 U.S.C. § 1983 and substantial civil rights violations." *Id.* ¶ 2.

Upon a review of the record, the Court dismissed the Complaint *sua sponte* for failure to establish federal subject matter jurisdiction. *See* ECF No. [8]. As the Court noted, Plaintiff alleged a § 1983 claim against Defendant for violation of his Fourth Amendment right. *See id.* The Court explained that to properly allege § 1983 claim, the Defendant must have deprived the Plaintiff of

a right protected by the Constitution or federal law, and the deprivation must have occurred "under the color of state law." *Id.* (quoting *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010)). Because Plaintiff's claim was against a private defendant who was not a state actor, the Court concluded Defendant "did not act under the color of state law when it allegedly infringed upon Plaintiff's constitutional right." *Id.* Accordingly, the Court held that Plaintiff's § 1983 failed as a matter of law and could not confer federal question jurisdiction over the claims in this case.

With respect to Plaintiff's remaining assault, false imprisonment, intentional infliction of emotional distress, and negligence claims, the Court concluded those claims constituted torts claims governed under Florida law. *See id.* at 3. Consequently, Plaintiff's remaining claims could not serve as a basis for establishing federal question jurisdiction either.

Furthermore, the Court found that it could not exercise diversity jurisdiction over the case because Plaintiff alleged that he and the Defendant are both citizens of Florida. *See id.* Finding that the Court lacked both federal question and diversity jurisdiction over Plaintiff's claims, the Court dismissed the Complaint for lack of subject matter jurisdiction and closed the case. *Id.*

On July 19, 2024, Plaintiff filed the instant motion seeking reconsideration of the Court's Order pursuant to Federal Rule of Civil Procedure 59(e). *See* ECF No. [9]

## II.   LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see Banister v. Davis*, 590 U.S. 504, 507 (2020). "'[M]otions for reconsideration are disfavored' and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Krstic v. Princess Cruise Lines, Ltd. (Corp)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (quoting *In re Garcia*, No. 01–945–CIV–GOLD, 2002 WL 32372583, at *1 (S.D. Fla. Nov. 4, 2002)); *see Barbee v. Berryhill*, 350 F. Supp. 3d. 1209, 1212 (N.D. Ala. 2018) ("In fact, 'the extremely limited nature

of the rule 59(e) remedy cannot be overstated.'") (quoting *Lee v. Thomas*, No. 10-587, 2012 WL 3137901, at *2 n.1 (S.D. Ala. Aug. 1, 2012)). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The United States Supreme Court and the Eleventh Circuit Court of Appeals have made clear that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)); *see also Arthur*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (alterations in the original) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "[T]he decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)); *see O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

### III. DISCUSSION

Plaintiff now asks the Court to reconsider its decision pursuant to Federal Rule of Civil Procedure 59(e). ECF No. [9] at 1. Regarding the § 1983 claim, Plaintiff argues that the Court erred when it concluded this claim failed to establish federal question jurisdiction. *See id.* Plaintiff maintains that although Defendant is a private entity, Defendant "acted in concert with local law enforcement officials." *Id.* Plaintiff claims he now has "new evidence, including witness statements and surveillance footage, demonstrating that Defendant coordinated with police

3

officers." *Id.* Plaintiff, therefore, concludes Defendant's conduct qualifies as "acting under the color of law." *Id.*

Plaintiff also contends that the Court erred in concluding that it lacked diversity jurisdiction over this case. Plaintiff argues that although Plaintiff and Defendants are both indeed citizens of Florida, the Court "overlooked Plaintiff's intent to establish residence in another state, thereby potentially meeting the requirement for diversity jurisdiction." *Id.* at 2. Not only did the Court overlook that fact at the time, Plaintiff notes that he has "since taken substantial steps to establish residency outside of Florida." *Id.*

Finally, Plaintiff argues that even if the Court does not find that it may exercise federal question or diversity jurisdiction over this case, the Court should nevertheless elect to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because "[T]he state law claims are so related to the federal claims that they form part of the same case or controversy." *Id.*

The Court finds that the newly discovered witness statements and video surveillance purportedly showing "Defendant coordinated with police officers during the incident" is a sufficient basis for the Court to reconsider its prior ruling. ECF No. [9]; *see Arthur*, 500 F.3d at 1343 (concluding that a Rule 59 motion may be granted based on newly discovered evidence). Although "[t]he 'mere presence of police officers at the scene of an incident does not transform the conduct of private parties into state action,'" a showing of a "symbiotic relationship" between a private actor and the government to carry out the harm alleged is sufficient to establish state action. *Tien v. Akerman LLP*, No. 14-23296-CIV, 2015 WL 11233086, at *3 (S.D. Fla. Mar. 16, 2015) (quoting *Williams v. Town of White Hall, Alabama*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006)); *see Jaramillo v. Naranjo*, No. 10-21951-CIV, 2021 WL 4427455, at *3 (S.D. Fla. Sept.

27, 2021); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) ("To charge a private party with state action under [nexus/joint action test], the governmental body and private party must be intertwined in a 'symbiotic relationship.'" involving the "specific conduct of which plaintiff complains.") (internal citations and quotations omitted). Because Plaintiff contends the newly discovered evidence will show that Defendant and law enforcement engaged in a coordinated effort to carry out the claimed harm, the new evidence allows Plaintiff to allege, in a non-conclusory fashion, that the private Defendant and the state were "joint participants in the enterprise." *Hogue*, 241 F.3d at 1348. Therefore, Plaintiff asserts he has adequately alleged Defendant engaged in state action, and thus, the Court may properly rely on Plaintiff's § 1983 claim to exercise federal question jurisdiction over this case. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, (5th Cir. 1980) (concluding that the exercise of "jurisdiction does not depend on the contention having ultimate merit" and thus courts are to exercise jurisdiction over a claim properly asserting federal question jurisdiction so long as the claim is not frivolous);[1] *Bell v. Hood*, 327 U.S. 678, 682 (1946).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Reconsideration, **ECF No. [9]**, is **GRANTED**.

2. Plaintiff shall file an Amended Complaint, **no later than November 6, 2024,** asserting all claims, including sufficient allegations to establish that the Defendant and a governmental body were joint participants such that there exists state action for his federal claim.

3. Plaintiff must effectuate service of process on Defendant no later than **January 10,**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Case No. 24-22575-cv-BLOOM/Elfenbein

**2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 9, 2024.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record